## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| The Prospect-Woodward Home, | ) | Case No. 21-10523-BAH |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### OMNIBUS LIMITED OBJECTION/RESERVATION OF RIGHTS TO DOC. NOS. 46, 47, 48, 49, 50, 51, 62 AND 71[1]

The secured creditor, Savings Bank of Walpole (the "Bank"), files this Omnibus Limited Objection (the "Objection") to Doc. Nos. 46, 47, 48, 49, 50, 51, 62, and 71[1] and states as follows:

Preliminary Statement:

1. This matter comes before the Court via a Chapter 11 petition filed on August 30, 2021 by The Prospect-Woodward Home (the "Debtor").

2. The Bank is a secured creditor of the Debtor pursuant to certain loan documents including, *inter alia*: (A) an Intercreditor Agreement dated April 22, 2019; (B) a Security Agreement dated April 22, 2019; (C) a Promissory Note dated April 22, 2019; and (D) a Construction Loan Agreement dated April 22, 2019 by and between The Prospect-Woodward Home

---

[1] *Ex Parte* Application of Debtor for Entry of an Order Authorizing the Retention and Appointment of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtor [Doc. 46], *Ex Parte* Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Grandbridge Real Estate Capital LLC as the Debtor's Broker *Nunc Pro Tunc* to the Petition Date [Doc. 47], *Ex Parte* Application of the Debtor for Entry of an Order (I) Authorizing the Retention and Employment of OnePoint Partners, LLC to Provide a Chief Restructuring Officer and Additional Staff and (II) Designating Toby Shea as Chief Restructuring Officer *Nunc Pro Tunc* to the Petition Date [Doc. 48], *Ex Parte* Application of the Debtor for Entry of Order Authorizing the Retention and Employment of Polsinelli PC as Counsel to the Debtor *Nunc Pro Tunc* to the Petition Date [Doc. 49], *Ex Parte* Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Silverbloom Consulting, LLC to Provide Consulting Services *Nunc Pro Tunc* to the Petition Date [Doc. 50], Motion of Debtor for Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Doc. 51], Motion of Debtor for Entry of an Order authorizing Retention and Payment of Professionals Utilized in the Ordinary Course of Business [Doc. 62], and *Ex Parte* Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Hinckley, Allen & Snyder LLP as Local and Special Counsel to the Debtor *Nunc Pro Tunc* to the Petition Date [Doc. 71].

and Savings Bank of Walpole in the amount of $3,000,000.  The Bank's claim is in excess of $1.8 million.

Discussion:

3. On September 1, 2021, the Debtor filed applications to retain Donlin, Recano & Company, Inc.("Donlin") [Doc. No. 46 (the "Donlin Motion")]; Grandbridge Real Estate Capital, LLC ("Grandbridge") [Doc. No. 47 (the "Grandbridge Motion")]; OnePoint Partners, LLC [Doc. No. 48 (the "OnePoint Motion")]; Polsinelli PC [Doc. No. 49 (the "Posinelli Motion")];  and SilverBloom Consulting, LLC ("SilverBloom") [Doc. No. 50 (the "SilverBloom Motion")]. *See infra*, Footnote 1.  That same day, the Debtor also filed its Motion for Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Doc. No. 51 (the "Compensation Motion")].

4. On September 2, 2021, the Debtor then filed an application to retain professionals utilized in the ordinary course of business [Doc. No. 61 (the "Ordinary Course Professionals Motion")] and another application to retain Hinckley, Allen & Snyder LLP [Doc. No. 71 (the "Hinckley Motion")].

5. All of the foregoing filings are now set for hearing on September 17, 2021 at 1:30 p.m.

6. As the Bank asserts similar objections as to all such filings and the Bank believes that its issues have been resolved by agreement with the Debtor, it files this Omnibus Limited Objection as a reservation of rights in the interest of judicial economy.

Certain Observations on Particular Filings:

**Polsinelli Motion/Hinckley Motion/Donlin Motion**[2]

7. In the Polsinelli Motion (¶17), the Hinckley Motion (¶24) and the Donlin Motion (¶17) the applicable professionals indicate that they will file fee applications with the Court in accordance with customary practice as required by applicable law and rule.

**Grandbridge Motion**

8. The Grandbridge Motion requests a waiver of reporting requirements of LBR 2016-1, but will require a final fee application at the conclusion of its work (¶¶24-25).

**OnePoint Motion**

9. The OnePoint Motion and proposed order require an activities and expense report filed with the Court and served upon counsel to the Bond Trustee, the United States Trustee and the Creditors Committee counsel (the "Notice Parties" named in that motion) and reports of compensation earned and expenses incurred on a monthly basis also filed with the Court and served upon the named Notice Parties. *See* Proposed Order (contained in Doc. No. 48,), ¶¶2(c) and (e). The Bank is excluded as one of the Notice Parties as defined therein. *Id.*, ¶2(c).

**SilverBloom Motion**

10. The SilverBloom Motion requests retention pursuant to 11 U.S.C. 363. It requires an activities and expense report to be filed with the Court and provided to the Notice Parties named in that motion (again, counsel to the Bond Trustee, the United States Trustee and the Creditors Committee counsel). SilverBloom Motion, ¶18. The Bank is not included as a Notice Party. *Id.*

---

[2] The proposed order for the retention of Donlin [Doc. No. 95] purports to allow statements as to fees and expenses served upon the Debtor and the Debtor's counsel, the United States Trustee, and counsel for the Creditors Committee and any party in interest who specifically requests such service. This filing should be deemed to be a specific request by the Bank for inclusion in that service.

**Compensation Motion**

11. The Compensation Motion provides for service (but not filing with the Court) of monthly fee statements for all professionals upon the named Notice Parties including counsel to the Debtor, the Bond Trustee, the Creditors Committee counsel and the United States Trustee. Compensation Motion, ¶9. It does not include the Bank as a Notice Party. *Id.* The Compensation Motion does however require interim applications to be filed with the Court pursuant to 11 U.S.C. 331. *Id.*, ¶9(g).

**Ordinary Course Professionals Motion**

12. The Ordinary Course Professionals Motion addresses employment of ACcommunication, BCM Environmental & Land Law, PLC and Wipfli and proposes 100% disbursements upon submission of invoices unless the amount due any such professional equals $30,000 in any one month, or $100,000 for the entire Chapter 11 case, in which event such invoices shall be provided to the Notice Parties as named in paragraph 19 of the said motion. Ordinary Course Professionals Motion, ¶19. The Bank is not included as a Notice Party and it appears that only the Notice Parties will have the opportunity to object. Id., ¶19-20. Notwithstanding those limitations with regard to notice and opportunity to object to the ongoing invoices, the Ordinary Course Professionals Motion then references the "Debtor's prepetition lender (presumptively the Bank) in paragraphs 23 and 25 and further purports to give the said prepetition lender the option to object to the retention of "additional" ordinary course professionals as this case proceeds.

13. Certain other general observations about the various motions are further addressed below in paragraph 15 hereof.

Discussion:

14. First, the Bank submits that as a major secured lender it should at all times have notice of and the opportunity to review and be heard as to any requests for fees and reimbursement, whether made in the form of an application to the Court or by such other means as the relevant agreements or filings would purport to allow and this Court would approve. The Bank should also have notice and opportunity to be heard as to the engagement of any other professionals going forward as the Ordinary Course Professionals Motion seems to suggest but does not clearly state. The notice and other provisions of the filings either do not make it clear that the Bank will have that notice and opportunity or actually demonstrate that the Bank will <u>not</u> have notice. Of course, to the extent that such applications or other request for fees and reimbursement are being filed with the Court contemporaneously with any notice to the named Notice Parties -- and the Bank's opportunity to be heard thereon is preserved in all respects – then this portion of the objection is addressed.

15. Second, the proposed orders relative to Donlin [Doc. No. 46], Grandbridge [Doc. No. 47], SilverBloom [Doc. No. 50], the Compensation Motion [Doc. No. 51], and the Ordinary Course Professionals Motion [Doc. No. 62], uniformly state that "[a]ll payments made pursuant to this Order shall be subject to any interim or final order entered by the Court governing the Debtor's right to the (*sic*) use the Bond Trustee's cash collateral, including the budget attached hereto." Although all expenditures of cash collateral are governed by the Court's interim and final orders with regard thereto irrespective of this somewhat unclear clause, for clarity, all of the proposed orders relative to the filings addressed in this Limited Objection should be revised to broadly provide that "[a]ll payments made pursuant to this Order shall be subject to any interim or final order entered by the Court governing the Debtor's use of cash collateral." Finally, the Debtor's

reference to the "budget attached hereto" in the referenced clause which is, upon information and belief, a drafting error, further leads to confusion and should be deleted unless there is some countervailing reason that it must be left in that is not apparent on its face.

16. These measures requested by the Bank are reasonable and necessary to ensure (i) clarity in the orders entered by the Court; (ii) adequate protection of the Bank's interests; and (iii) the fair and equitable treatment of the Bank vis-à-vis other similarly situated creditors. 11 U.S.C 330(a)(1)(requiring notice and hearing for compensation and expenses of professionals); *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987) ("In recognition of the powers created in bankruptcy law to adjust debts and creditors' interest, Congress realized the need to protect creditors from unfair treatment. Hence, it codified the concept of adequate protection into the several aggressive remedies available to debtors and bankruptcy trustees."); *In re Dynaco Corp.*, 162 B.R. 389, 394 (D.N.H. 1993) ("Adequate protection will take many forms . . . and must be determined based upon equitable considerations arising from the particular facts of each proceeding."). Otherwise, the Bank will be deprived of the benefit of its bargain to a greater extent than such other creditors, a result that undermines the purpose of the adequate protection provision in 11 U.S.C. § 363(e). *In re WorldCom, Inc.*, 304 B.R. 611, 620-621 (S.D.N.Y. Bankr. 2004) ("[A]dequate protection under section 363 is designed to protect the 'benefit of the bargain.'"). The Bank therefore seeks the relief as requested herein.

17. The undersigned has reached out to the Debtor and understands that these objections will be addressed and remedial language included in a revised/redline order to be filed with the Court prior to the hearing hereon. The undersigned counsel will seek confirmation of the foregoing prior to the hearing date.

18.  The Bank requests that the Court waive any requirement under LBR 7102(b)(2) that would otherwise require the filing of a memorandum of law herewith in that legal authority is cited herein.

**WHEREFORE**, the Creditor respectfully requests that this Honorable Court:

A.  Enter an order consistent with the foregoing; and

B.  Grant Savings Bank of Walpole such further relief as may be just and proper.

Respectfully submitted,

**SAVINGS BANK OF WALPOLE**

By its attorneys,

**DEVINE, MILLIMET & BRANCH PROFESSIONAL ASSOCIATION**

Dated: September 14, 2021    By: */s/ Charles R. Powell*
Charles R. Powell, Esquire, #05507
Devine, Millimet & Branch, P.A.
111 Amherst Street
Manchester, NH  03101
603-669-1000
cpowell@devinemillimet.com

## **CERTIFICATE OF SERVICE**

      I, Charles R. Powell III, Esq., do hereby certify that on the date referenced below, I served a copy of the foregoing and accompanying Certificate of Service *via* CM/ECF to all attorneys of record.

Dated:  September 14, 2021      By:  /s/ Charles R. Powell_____
                                                     Charles R. Powell, Esquire, #05507
                                                     Devine, Millimet & Branch, P.A.
                                                     111 Amherst Street
                                                   Manchester, NH 03101
                                                   603-669-1000
                                                   cpowell@devinemillimet.com